UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
MUSE APARTMENTS, LLC,                )
                                     )
                            Plaintiff,   )   Case No. C12-2021RSL
      v.                             )
                                     )   ORDER REGARDING DEFENDANT'S
TRAVELERS CASUALTY AND               )   MOTION FOR SUMMARY JUDGMENT
SURETY COMPANY OF AMERICA,           )   ON PLAINTIFF'S RECOVERY
                                     )
                            Defendant.   )
_____ )

        This matter comes before the Court on "Defendant's Motion for Summary Judgment on Plaintiff's Recovery" (Dkt. # 60). Plaintiff asserts a cause of action for negligence based on the premise that Travelers, through its agent, Bell-Anderson, breached its duty to procure the requested and legally required fidelity bond for 1031 ECI, LLC. Plaintiff seeks to recover damages and attorney's fees. Travelers seeks summary judgment on plaintiff's negligence claim on the ground that even if Travelers had issued a $1 million fidelity bond to 1031 ECI pursuant to RCW 19.310.040(1)(a), the bond would have been exhausted prior to plaintiff's claim on it. Travelers also asks the Court to reiterate its order dismissing plaintiff's

ORDER REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S RECOVERY

contract, bad faith and Consumer Protection Act claims.[1]

Taking the evidence presented in the light most favorable to the non-moving party, the Court finds as follows:

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012). The mere existence of a scintilla of evidence in support of the non-moving party's position will not preclude summary judgment, however, unless a reasonable jury viewing the evidence in the light most favorable to the non-moving party could return a verdict in its favor. U.S. v. Arango, 670 F.3d 988, 992 (9th Cir. 2012).

**B. NEGLIGENCE**

Plaintiff alleges that Travelers, acting through its agent Bell-Anderson, negligently procured a policy that did not provide the coverage required by RCW 19.310.040(1)(a), which 1031 ECI explicitly requested. Plaintiff further alleges that it suffered damages in the amount it would have recovered had the appropriate policy been placed.

---

[1] In its "Order Regarding Motions for Summary Judgment" the Court dismissed these claims. Dkt. # 47 at 5.

ORDER REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S RECOVERY                 -2-

For purposes of this analysis, the Court will assume that all disputed issues of fact will be decided in favor of plaintiff, that Bell-Anderson was Travelers' agent[2] and that Travelers knew 1031 ECI wanted to obtain a policy that would satisfy RCW 19.310.040(1)(a) for the benefit of 1031 ECI's clients.[3]

Travelers maintains that plaintiff's negligence claim[4] should be dismissed on summary judgment, because even if plaintiff could show that Bell-Anderson had a duty to obtain a policy covering theft of client funds and that Travelers is liable for damages arising from Bell-Anderson's breach of that duty, the resulting policy would have been exhausted by the time plaintiff made a claim on it. Travelers contends that three parties asserted losses of over $1.5 million, which would have exhausted the $1 million policy prior to plaintiff filing its claim.

---

[2] In "Defendant's Motion for Summary Judgment on Plaintiff's Recovery," Travelers does not address whether "Bell-Anderson was negligent" or whether "Bell-Anderson was Travelers' agent, such that vicarious liability attaches." Dkt. # 60 at 2.

[3] The existence of a third-party beneficiary contract (*i.e.*, one that not only benefits a third-party, but also gives rise to a direct obligation from the insurer to the third-party) is generally a matter of intent. Lonsdale v. Chesterfield, 99 Wn.2d 353, 361 (1983). Where the policy does not expressly identify the third-party as an insured or a payee, the third-party must show more than that the parties had a "desire or purpose to benefit a third party"; it must show "an intent to assume a direct obligation to that third party." Postlewaite Const., Inc. v. Great Am. Ins. Cos., 106 Wn.2d 96, 100 (1986). Construing the assumed policy in light of the circumstances under which it was made, Travelers knowingly undertook a direct obligation to 1031 ECI's clients: Travelers knew that 1031 ECI was purchasing insurance for the benefit of clients who suffered direct financial loss as a result of the exchange facilitator's infidelity and that the policy was required by RCW 19.310.040. Because the governing statute expressly provides that "[a] person who claims to have sustained damages by reason of the fraudulent act or covered dishonest act of an exchange facilitator or an exchange facilitator's employee may file a claim on the fidelity bond" (RCW 19.310.050(1)), Travelers' "hypothesized" or "assumed" issuance of the statutorily-required policy manifests an intent to assume a direct obligation to the insured's clients as specified in the statute.

[4] Under Loman v. Wilbur, 178 W.2d 165 (2013), plaintiff must prove four element to establish negligence: (1) the defendant had a duty or obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) the defendant breached that duty; (3) the breach was a proximate cause of the plaintiff's injury; and (4) the plaintiff suffered a legally compensable injury.

ORDER REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S RECOVERY           -3-

1 Thus, Travelers alleges that plaintiff would not have recovered any of its losses and cannot show
2 Travelers caused its injury. However, Travelers did not pay any of the prior claimants under the
3 existing facts, nor has it established that it would have paid out the policy limit had the
4 hypothesized fidelity bond been in place.[5] Thus, it has not established exhaustion as a matter of
5 law. Travelers' motion to dismiss therefore fails since a reasonable jury could conclude that
6 Bell-Anderson, acting as Travelers' agent, negligently failed to obtain a policy that provided the
7 statutorily-required coverage and that as a result, plaintiff suffered legally compensable
8 damages.

9 **C. ATTORNEY'S FEES**

10 Plaintiff claims Travelers has compelled it to initiate litigation to obtain the full
11 benefit of the insurance policy and therefore, plaintiff is entitled to attorney's fees. Plaintiff
12 argues that pursuant to Olympic Steamship Co., Inc. v. Centennial Ins. Co., 117 Wn.2d 37, 53
13 (1991), "an award of fees is required in any legal action where the insurer compels the insured to
14 assume the burden of legal action to obtain the full benefit of his insurance contract . . . ."
15 However, Olympic Steamship is a narrow exception to the American rule, which Washington
16 typically follows. The American rule holds that the prevailing party can only recover attorney's
17 fees if recovery is permitted by contract, statute, or some recognized ground of equity. Leingang
18 v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 143, 930 P.2d 288 (1997).

19 Whereas Olympic Steamship involved a question of benefits in an insurance
20 contract, in this case, the action arose from a negligence claim. Under Peterson v. Big Bend Ins.
21 Agency, Inc., the Court cannot "award attorney's fees in an action involving an insurance

---

[5] State and federal law provide that a party facing the potential of multiple liabilities may join as adverse parties all persons holding claims and require them to litigate their rights to relief in a single action. Wash. CR 22; Fed. R. Civ. P. 22. Travelers does not acknowledge this procedure, much less explain why the Court should assume it would not have been used in the hypothetical situation presented for consideration.

ORDER REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S RECOVERY            -4-

agent's negligence and an insurer's vicarious liability." 150 Wn.App. 504, 525, 202 P.3d 372 (2009).  Thus, while the Court has kept in mind the equitable nature of an award of attorney's fees under Olympic Steamship and Washington's public policy in favor of compelling insurers to honor their commitments (McRory v. N. Ins. Co. of N.Y., 138 Wn.2d 550, 560 (1999)), it finds that the plaintiff is not entitled to attorney's fees and costs.

**D. PREVIOUSLY DISMISSED CLAIMS**

In "First Amended Complaint for Damages and Declaratory Relief" (Dkt. # 48), plaintiff includes contract, bad faith and Consumer Protection Act claims.  The Court previously dismissed these claims in "Order Regarding Motions for Summary Judgments" (Dkt. # 47). Travelers asks the Court to enter an order reiterating the dismissal.

Although the Court does not require plaintiff to replead its claims in an amended complaint, it does not preclude the plaintiff from doing so.  See Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (holding that "[f]or those claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.").  The reassertion of the claims does not mean that they are back in the case.  The Court deems an additional order dismissing the plaintiff's dismissed claims unnecessary.

For all of the foregoing reasons, defendant's "Motion for Summary Judgment on Plaintiff's Recovery" (Dkt. # 60) is GRANTED in part and DENIED in part.  Plaintiff's attorney's fees claim fails and is hereby DISMISSED.  The defendant's motion for summary judgment on plaintiff's negligence claim and request for the Court to reiterate its dismissal of dismissed claims are DENIED.

ORDER REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S RECOVERY         -5-

1  Dated this 17th day of June, 2014.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER REGARDING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
ON PLAINTIFF'S RECOVERY           -6-